IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JASON LEONARD STAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00064 |
| ) | Judge Haynes / Knowles |
| SABRINA PATTERSON and ) | |
| RICHARD PHILLIPS, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon Defendants' "Motion to Dismiss and Memorandum of Law." Docket No. 33. In their Motion, Defendants argue that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. *Id.* Specifically, Defendants argue that Plaintiff lacks standing to bring this claim because he has failed to allege that he has suffered an injury in fact since his sole allegation is that inmates in the Marshall County Jail were denied "proper access" to a variety of news sources, but he admits that inmates (including himself) do, in fact, have access to newspapers and other outlets. *Id., citing* Docket No. 1, p. 5. Defendants contend that Plaintiff does not have a Constitutional right to choose which newspapers Marshall County must furnish to him, and, because Plaintiff admits that he has been supplied access to newspapers, a single, conclusory statement that Plaintiff "feel[s] that they are not providing proper access" is insufficient to allege an injury that would confer upon

Plaintiff the requisite standing to bring this lawsuit. *Id.*

Defendants further contend that Plaintiff lacks standing because his claim is of a "general nature," since his only allegation is that "*inmates* are not able to access important current events," but he admits that *he* had access to newspapers and he is no longer incarcerated at the Marshall County Jail. *Id.* (Emphasis added.) Defendants additionally maintain that Plaintiff lacks standing because there is no remedy that can satisfy Plaintiff's alleged injury since Plaintiff is no longer incarcerated at the Marshall County Jail, and that Plaintiff's transfer to a different facility renders his request for relief moot. *Id.*

Finally, Defendants argue that Plaintiff has not stated a cognizable claim upon which relief may be granted, because Plaintiff's claim that the Marshall County Jail provided him with access to newspapers, television news broadcasts, and radio news broadcasts, just not the ones he wanted or with the frequency he wanted, is not an injury for which the Constitution provides relief. *Id.* Defendants note that there is no allegation that the Marshall County Jail has placed any restriction on Plaintiff's opportunity to obtain whatever newspapers he desires, no allegation that Plaintiff attempted to obtain an alternative news source but had that attempt thwarted in any way, and no allegation that Plaintiff had any alternative news source delivered and/or confiscated. *Id.* Defendants assert therefore that Plaintiff had unrestricted access to news and current events such that Plaintiff's First Amendment Constitutional right to receive information and ideas has not be violated. *Id.*

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment rights because "inmates are not able to access

important current events! News. Laws." Docket No. 1. Specifically, Plaintiff avers:

> On 4-8-15 I requested that newspaper be passed from Pod to Pod daily! Was told no!
> On 7-12-15 I requested that inmates be able to receive newspapers. Was told will work on it.
> On 7-20-15 I wrote a grievance on the newspaper issues! Was told that newspapers are provided in library every week!
> The only newspaper that I have any access to is the Marshall County Tribune! This paper does not broadcast current world events or new laws that are set forth to govern society! Marshall County Jail has been ordered by the courts in the past to provide inmates access to news! I feel they are not providing proper access!

*Id.* at 5.

Plaintiff seeks recovery of "all fees aquired [*sic*] from this suit." *Id.* at 6. Plaintiff also requests that Defendants: (1) "[p]rovide every inmate in Marshall County Jail access to current events, new laws, and world news"; (2) "[a]llow inmates to receive newspapers"; (3) "[p]ut t.v.'s in every pod/block!"; and (4) "[a]llow radios into every pod/block." *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' "Motion to Dismiss and Memorandum of Law" (Docket No. 33) be GRANTED, and that this action be DISMISSED.

## II. Analysis

### A. Standing

A party seeking to invoke a federal court's jurisdiction must establish standing to sue before the court may consider the merits of the case. *See Whitmore v. Arksansas*, 495 U.S. 149, 154 (1990). The Supreme Court has set forth three elements for a plaintiff to establish standing: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection

3

between the injury and the challenged conduct; and (3) it must be likely that a favorable decision will remedy the injury. *Id.* Plaintiff bears the burden of establishing all three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

In order to establish an "injury in fact," a plaintiff must show that he or she "has sustained or is in danger of sustaining some direct injury" as the result of the challenged official conduct and such "injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted). The injury, therefore, must be one that "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560. A generalized grievance challenging allegedly illegal government conduct is not sufficient to establish standing. *United States v. Hays*, 515 U.S. 737, 743 (1995).

**B. Fed. R. Civ. P. 12(b)(1)**

A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *see also, Ohio Nat'l Life,* 922 F.2d at 325.

**C. Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim

upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

5

> complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## D. 42 U.S.C. § 1983

Plaintiff alleges violations of his First Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

6

**E.  The Case at Bar**

As discussed above, Defendants launch a facial attack on this Court's subject matter jurisdiction, arguing that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing.  *See* Docket No. 33.

In the instant action, taking Plaintiff's allegations as true, Plaintiff admits that he has access to the Marshall County Tribune, but apparently seeks access to other, unnamed newspapers or news sources.  *See* Docket No. 1.  While the First Amendment does provide a Constitutional right to receive information and ideas, Plaintiff has cited no authority for the proposition that that right extends to requiring a Jail to provide him with information and ideas from the news source(s) of his choice.  Neither does Plaintiff cite authority for the proposition that that right extends to requiring a Jail to put televisions in every Pod and/or allow radios in every Pod.  Plaintiff, therefore, has failed to demonstrate a redressable injury.  Additionally, generalized grievances are insufficient to confer standing and Plaintiff is no longer incarcerated at the Marshall County Jail.

## IV.  Conclusion

For the foregoing reasons, the undersigned finds that Plaintiff lacks standing to bring this action.  Accordingly, the undersigned recommends that  Defendants' "Motion to Dismiss and Memorandum of Law" (Docket No. 33) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge