IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON LEONARD STAFFORD, )
)
    Plaintiff, )
) No. 1:15-cv-00064
v. ) Senior Judge Haynes
)
SABRINA PATTERSON, et al., )
)
    Defendants. )

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 35) recommending to grant Defendants' motion to dismiss (Docket Entry No. 33). Plaintiff has not filed an objection.

Plaintiff, Jason Leonard Stafford, filed this pro se action under 42 U.S.C. § 1983 against Defendants Sabrina Patterson and Richard Phillips, asserting, in essence, a violation of the First Amendment because "Inmates are not able to access important current events! News, Laws." (Docket Entry No. 1 at 5). In his complaint, Plaintiff alleges that:

> On 4-8-15 I requested that newspaper be passed from Pod to Pod daily? Was told no!
> On 7-12-15 I requested that inmates be able to receive newspapers. Was told will work on it!
> On 7-20-15 I wrote a grievance on the newspaper issues! Was told that newspapers are provided in library every week! The only newspaper that I have any access to is the Marshall County Tribune! This paper does not broadcast current world events or new laws that are set forth to govern society! Marshall County Jail has been ordered by the courts in the past to provide inmates access to news! I feel they are not providing proper access!

Id.

Plaintiff seeks relief, requiring Defendants to "[p]rovide every inmate in Marshall County Jail access to current events, news laws, and world news;" "[a]llow inmates to receive newspapers;" "[p]ut

t.v.'s in every pod/block!;" and "[a]llow radios into every pod/block." Id. at 6. Plaintiff also seeks recovery of "all fees aquired from this suit." Id.

In a supplemental filing in support of his complaint, Plaintiff alleges that he was not allowed "access to sources of which would satisfy the requirements of 42 U.S.C. § 1983 First Amendment right of mass media, which would be named as but not limited to the following (Newspaper, T.V., Radio, Magazines, etc.)." (Docket Entry No. 3 at 2). Plaintiff further alleges:

> To prove the first element of mass media violation, Stafford has requested on numerous occasions, through the proper request and grievances procedures, to access mass media through a very simple source such as a newspaper, to be provided of which I/Stafford was denied on attempt! The area that I am confined to does not have a newspaper with current events, a television that would broadcast media, nor a radio that would broadcast media! By not allowing me access to mass media Sabrina Patterson has clearly violated the protection of 42 U.S.C. § 1983 First Amendment right of mass media.
>
> The relief I request is that Sabrina Patterson in her official and individual capacities be responsible for all fees aquired from this suit. Provide Marshall County Jail with access to mass media by providing Television, Newspaper, Radio, and Magazines in the confines of the jail! Of which will be accessible on a regular basis.

Id. at 2-3.

In their motion to dismiss under Fed. R. Civ. P. 12(b)(1), (6), Defendants argue that Plaintiff lacks standing as he fails to allege that he suffered any injury because he admits that he did have access to newspapers; that Plaintiff does not have a Constitutional right to choose which newspapers Defendants must furnish to him; that Plaintiff's generalized claims are insufficient to establish standing; that Plaintiff is no longer incarcerated at the Marshall County Jail; and that Plaintiff does not allege that Defendants restricted Plaintiff from obtaining newspapers from sources other than the jail. Plaintiff did not file a response.

The Magistrate Judge concluded:

2

> In the instant action, taking Plaintiff's allegations as true, Plaintiff admits that he has access to the Marshall County Tribune, but apparently seeks access to other, unnamed newspapers or news sources. See Docket No. 1. While the First Amendment does provide a Constitutional right to receive information and ideas, Plaintiff has cited no authority for the proposition that that right extends to requiring a Jail to provide him with information and ideas from the news source(s) of his choice. Neither does Plaintiff cite authority for the proposition that that right extends to requiring a Jail to put televisions in every Pod and/or allow radios in every Pod. Plaintiff, therefore, has failed to demonstrate a redressable injury. Additionally, generalized grievances are insufficient to confer standing and Plaintiff is no longer incarcerated at the Marshall County Jail.

(Docket Entry No. 35 at 7).

The record reflects that Plaintiff was transferred from Marshall County jail. (Docket Entry Nos. 6, 25, 29 and 34). Thus, Plaintiff's claims for injunctive relief "are now moot as he is no longer confined to the institution" in which his claims allegedly arose. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

Plaintiff does not assert a claim for damages. To the extent Plaintiff seeks an award of fees, the Court deems Plaintiff's failure to object to the Magistrate Judge's Report and Recommendation to constitute a failure to prosecute under Fed. R. Civ. P. 41(b).

Accordingly, upon de novo review, the Magistrate Judge's Report and Recommendation is **SET ASIDE**, and this action is **DISMISSED with prejudice** as moot and for Plaintiff's failure to prosecute. Defendants' motion to dismiss (Docket Entry No. 33) is **DENIED as moot**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 29th day of August, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

3